UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASYA THERESA THIERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>ALBERTSON'S SAFEWAY, JOHN COLGROVE, et al.,<br><br>  Defendants. | Case No. 25-cv-04122-AGT<br><br>**SCREENING ORDER** |

Having granted Chasya Theresa Thierry's application to proceed *in forma pauperis* (dkt. 4), the undersigned now screens Thierry's complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that it is deficient, for the reasons identified below.

\* \* \*

"Federal courts are courts of limited jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). The two most common sources of subject matter jurisdiction are federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The complaint does not present grounds for either, or identify alternative sources of subject matter jurisdiction. As it stands, the Court does not have jurisdiction to adjudicate the matter.

### a. The Complaint Does Not Raise a Federal Question

For a federal court to exercise federal question jurisdiction, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question must be presented on the face of the complaint, rather than as a defense or

counterclaim. *Saldana v. Glenhaven Healthcare LLC,* 27 F.4th 679, 686 (9th Cir. 2022).

Plaintiff's complaint raises four claims, alleging violations of Cal. Civ. Code § 1714, Cal. Civ. Code § 2338, Cal. Ins. Code § 790.03, Cal. Bus. & Prof Code § 6106. These are state law claims. They do not give rise to federal question jurisdiction.

### b.  Diversity Jurisdiction is Lacking

For a federal court to exercise diversity jurisdiction, the citizenship of the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016).

An individual is a citizen of her state of domicile, i.e., the state "where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company or partnership is a citizen of every state in which its members or partners are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is the plaintiff's burden to plead all facts necessary for diversity. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

Thierry has not met her burden. She names four individual defendants but does not identify their states of domicile. *See* Compl. at 8–9. She names two corporate defendants but does not identify their states of incorporation and principal places of business. *See id.* at 1–2, 8–9. She does list an Idaho address for one corporate defendant, *id.* at 1, and a Kentucky address for the other, but she does not allege that these are the states of incorporation or principal places of business. Lastly, she names one limited liability partnership but does not

identify the states of domicile for the partners.

Thierry hasn't satisfied her burden to plead facts supporting jurisdiction. For each defendant, she must identify the state or states of citizenship. If she is a citizen of California and any defendant is too, the Court will not be able to exercise diversity jurisdiction.[1]

Thierry may file an amended complaint, on or before June 27, 2025. If she doesn't do so, or if she files an amended complaint that fails to establish subject matter jurisdiction, the undersigned will recommend that a district judge dismiss her case.

**IT IS SO ORDERED.**

Dated: June 9, 2025

Alex G. Tse
United States Magistrate Judge

---

[1] For a court to exercise diversity jurisdiction, the amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a). Thierry seeks to recover $100,000, exclusive of medical fees and attorney's fees, Compl. at 11, so the amount in controversy requirement is satisfied.